# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIETA VAZQUEZ,<br><br>                             Plaintiff,<br>   vs.<br><br>GREENLIGHT FINANCIAL SERVICES, et al.,<br><br>                             Defendant. | CASE NO. 09CV1029 DMS (RBB)<br><br>**ORDER RE: ATTORNEY'S FEES** |

On February 1, 2010, this Court issued an Order to Show Cause why the matter should not be dismissed, or, alternatively, why attorney's fees should not be imposed for Plaintiffs' failure to file a timely opposition to Defendants' motions to dismiss. (Doc. 19.) The matter came on for hearing on February 11, 2010. Kent Wilson appeared on behalf of Plaintiff. Roland Reynolds appeared telephonically on behalf of Defendant GMAC. Rachel Opatik appeared on behalf of Defendants Midland Mortgage Company and U.S. Bank. The Court ordered Mr. Wilson to pay reasonable attorneys fees for the costs associated with Defendants' motions to dismiss Plaintiff's Complaint, Plaintiffs' *ex parte* application for leave to file a late opposition to the motions to dismiss, and the order to show cause hearing. The basis for the award was Mr. Wilson's failure to timely file either an opposition or amended complaint, as well as inaccuracies in a declaration submitted to this Court. On February 18, 2010, Defendants filed declarations for attorneys fees. Mr. Wilson did not file any objections.

A sanction award must be reasonable. *See In re Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986). The "lodestar" method is used to make this determination, "which is reached by multiplying the number of hours reasonably expended by the prevailing party with a reasonable hourly rate, then making any adjustments as necessary to account for factors not already subsumed within the initial lodestar calculation." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1130 (9th Cir. 2008). The party seeking fees bears the burden of proving the lodestar amount. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007); *Cortes v. Metropolitan Life Ins. Co.*, 380 F.Supp.2d 1125, 1129 (C.D. Cal. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984)). Hours that are "'excessive, redundant, or otherwise unnecessary'" may be excluded from the fee request. *Welch*, 480 F.3d at 946 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

David C. Scott seeks $2,495.00 on behalf of Defendants Midland Mortgage and U.S. Bank. (Scott Decl. ¶ 3.) This represents 12.70 hours of combined attorney and paralegal time at a rate of $250.00 per hour for attorney time and $125 per hour for paralegal time. (*Id.* at Ex. A.) Upon review of the declaration and relevant pleadings, the Court finds this to be a reasonable amount of time and a reasonable hourly rate.

Roland P. Reynolds seeks $5,508.50 on behalf of Defendant GMAC. (Reynolds Decl. ¶ 12.) This represents 21.4 hours of attorney time. (*Id.* at ¶¶ 11-12.) The partners in the firm bill at a rate of $395 per hour and associates at $295 per hour. (*Id.* at ¶ 10.) However, per an agreement with GMAC, those rates are discounted. The rates charged in 2009 were $275 per hour for partners and $240 per hour for associates. In 2010, the rates went to $295 per hour for partners and $250 per hour for associates. (*Id.*) The Court finds these to be reasonable hourly rates.

The increased time for GMAC, as compared to Midland Mortgage, can be explained by GMAC's filing of a notice of Plaintiff's non-opposition to its motion to dismiss, and its opposition to Plaintiff's *ex parte* motion for leave to file a late opposition. Nonetheless, the Court finds the number of hours expended by GMAC to be unreasonably high. For example, Defendants spent approximately 7.5 hours preparing the 5-page opposition to the *ex parte* motion, whereas the 34-page motion to dismiss took approximately 6.5 hours to prepare. (Reynolds Decl. Ex. A.) The opposition to the *ex parte* motion, however, did contain a request for judicial notice and extensive exhibits. Thus, the

1 Court finds that 4 hours was a reasonable amount of time to spend on the opposition - 3 hours of
2 associate time and 1 hour of partner time.  The Court also strikes some of the time spent drafting the
3 reply, as Defendant filed only a notice of non-opposition, and the Court strikes duplicative time spent
4 reviewing this Court's Order to Show Cause.  In total, from the January and February bill, the Court
5 strikes .5 hours of time from Mr. Palmer, 1.2 hours from Mr. Reynolds, and 3.4 hours from Ms.
6 Kalinski.  Accordingly, the Court awards $4,157.00 to Defendant GMAC.

     Mr. Wilson shall remit these amounts to Defendants on or before **June 1, 2010.**

     **IT IS SO ORDERED.**

DATED: April 26, 2010

                                              HON. DANA M. SABRAW
                                              United States District Judge